# In the United States Court of Federal Claims

No. 20-270C
(Filed: June 29, 2020)

* * * * * * * * * * * * * * * * * * * * * * * *

TOMIKA GARDNER & MAMADOU KANE,

    *Plaintiffs*,

v.

THE UNITED STATES,

    *Defendant*.

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

  Plaintiffs filed their complaint on March 10, 2020, alleging that federal and local law enforcement agencies have wrongly identified them as threats to national security causing them to be racially profiled, stalked, and tortured by these agencies, all without due process.  Plaintiffs implicate various federal and local law enforcement agencies but do not provide further factual detail regarding the activities or harms alleged. Plaintiffs request injunctive relief from the alleged surveillance and compensatory damages for the wrongs alleged to have been suffered. Defendant timely moved to dismiss for lack of jurisdiction, contending that the complaint sounds in tort, a claim over which the court has no jurisdiction. Plaintiffs have not responded.  We need not wait for a response, however, because it is plain on the face of the complaint that we must dismiss it for lack of jurisdiction.

  This court has jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). Put simply, this court hears cases seeking money from the United States that are not tort claims. Plaintiff must identify some substantive source of law, regulation, or contract that mandates he be paid money by the United States. *See Fisher v.*

*United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). We must satisfy ourselves of jurisdiction first and, if it is lacking, dismiss the case *sua sponte*. RCFC 12(h)(3).

The plaintiff has not identified any Constitutional provision, statute, or other regulation which directs the federal government to pay him money. To the extent that any detail sufficient to raise a claim cognizable in court is alleged, it is one that sounds in tort, an area of law specifically excluded from our jurisdiction. Inasmuch as the plaintiff believes that the government has violated his civil rights by targeting him on account of his race or religious affiliation, such as an action under 42 U.S.C. § 1983 (2012), this court also does not have jurisdiction over those claims. *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981).

Because plaintiff has failed to show that the court has jurisdiction over his claims, his complaint must be dismissed. Accordingly, the following is ordered:

1. For good cause shown, plaintiffs' motion to proceed *in forma pauperis* is granted.

2. Defendant's motion to dismiss is denied as moot.

3. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly.

No costs.

s/ Eric G. Bruggink
ERIC G. BRUIGGINK
Senior Judge

2